Turley, J.
delivered the opinion of the court.
This bill is filed by the complainants, to enjoin the defendants from organizing the county of Powell, the establishment of which is directed by the act of 1839, ch. 192.
The 4th section of the 10th article of the constitution of the State, provides for the establishment of new counties, to consist of not less than three hundred and fifty square miles, and to contain not less than four hundred and fifty qualified voters.
The proof in the case shows conclusively, that the boundaries of the county do not contain the constitutional number of three hundred and fifty square miles, but much less; and the question is, whether the commissioners can be prohibited, by the decree of a court of chancery, from organizing the county contrary to the provisions of the constitution.
The convention of the State, which formed the constitution, thought proper to place restrictions upon the power of the legislature to establish new counties; and of consequence, any attempt to do so, contrary to the restrictions, is a void exercise of power, which can and must be stopped by the judicial department of the State. There is no other place to whichan appeal can be made,and if the courts cannot interfere, the constitution, if violated, is a dead letter.
But it is said, that the true remedy for this evil, is by writ of quo warranto and not by injunction.
To this we answer, if the courts have the power to remedy the evil, that remedy, which, under all the circumstances, will be most effectual, is the one which ought to be resorted to, if there is nothing in the mode of administering the law prohibiting it.
That the writ of quo warranto is the common law mode of re *433 dressing such grievances is admitted, and that it was the only one which could have been used, before the system of chancery jurisprudence was' established upon its present broad and substantial basis, is not denied. But that this remedy is inefficient, for the purposes desired, cannot be controverted. The writ of quo warranto is not a prohibitory writ, and before the question arising under it could be determined, much mischief could and would be done by the organization of the county, the thing sought to be prevented, and no subsequent action of the court could, by possibility, place the parties concerned, in their original, uninjured condition. It is this inability of courts of law to operate prospectively, by prohibition, for the prevention of mischief, that has established upon clear and definite grounds, that portion of chancery jurisdiction which rests jupón the doctrine of quia temet. It embraces a great variety of interests, which we need not, and do not design to investigate here. It sufficeth for this case, to say, that it always applies, where great and irreparable mischief may be the consequence of illegal action, which the common law courts, from their mode of proceeding, cannot stay; such we think this one to be. If the establishment of the county be unauthorised, its organization ought to be prohibited, and this, no court but one of chancery can do.
It is submitted, whether one or two private individuals can seek the aid of a court of chancery for this purpose ?
We think that any person aggrieved, by the proceedings, may apply for the remedy.
Let the decree of the chancellor be affirmed.